FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2008 JUL 14  PM 12: 56

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

KISHORE KUMAR BHAGCHANDANI,

        Petitioner,

    -v-

LUDY RIVERA, D.O.,

        Respondent.

**DECISION AND ORDER**
08-CV-0486Sr

## INTRODUCTION

Petitioner Kishore Kumar Bhagchandani, who is currently detained at the Port Isabel Detention Center in Los Fresnos, Texas, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, which may charitably be considered "confusing." At one point, petitioner appears to be challenging an order of removal that may have been issued by an Immigration Judge at the Buffalo Federal Detention Facility on either or both July 3 and August 2, 2007. (Docket No. 1). He, however, then alleges that the determination he is challenging was made at the Port Isabel Detention Center in Los Fresnos, Texas on June 24, 2008, and that he has an appeal pending with the Board of Immigration Appeals. (Docket No. 1, ¶ 1).

The petitioner seeks, in the "WHEREFORE" clause of the Form Petition, release from detention with "court dates" because he bought a condominium in December 2006 and resides in the United States with his wife and daughter.

For the following reasons, to the extent the petition seeks to challenge an order of removal it is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested the Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal. If petitioner does, in fact, have a final order of removal pending against him and seeks to challenge said order he must file a petition for review with the appropriate Court of Appeals[1] immediately. To the extent the petition seeks petitioner's release from detention pending removal, the petition is transferred to the United States District Court for the Southern District of Texas inasmuch as that is the place of petitioner's current detention.

## DISCUSSION

### A. Dismissal of Challenge to Order of Removal

The REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005), provides at section 106(a)(1)(B), amending § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000):

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28,

---

[1]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

2

United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5), 8 U.S.C. § 1252(a)(5).

Accordingly, to the extent petitioner is challenging an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition. *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....' ") (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005)).

As noted, the sole and exclusive means to review "an order of removal," such as the one petitioner may be challenging herein, is through a petition for review with the appropriate court of appeals.[2] REAL ID Act, § 106(a)(1)(B). In this matter it appears that the Second Circuit Court of Appeals may be the appropriate court of appeals because, according to the petition, the Immigration Judge completed the immigration proceedings at the Buffalo Federal Detention Facility, which is located within the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2). If the removal proceedings were completed in

---

[2]INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

3

some other Circuit, the petition for review must be brought in that Circuit's United States Court of Appeals.

## B. Transfer of Petition Relating to Current Detention

The petition notes that petitioner is detained at the Port Isabel Detention Center in Los Fresnos, Texas, which is located within the Southern District of Texas. As noted, the petitioner seeks release from detention. Because the Supreme Court announced in *Rumsfeld v. Padilla* that the "general rule . . . for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement[,]" 542 U.S. 426, 443 (2004), this Court does not have jurisdiction over that part of the instant petition that challenges petitioner's current detention. *See also Persaud v. BICE*, No. 04-CV-282 (FB), 2004 WL 1936213, at * 1 (E.D.N.Y., Aug. 31, 2004) (citing to Padilla for "general rule"). Jurisdiction is determined by the district of confinement "as of the time of filing of the petition." *Patel v. U.S. Att'y Gen.,* 334 F.3d 1259, 1263 (11th Cir.2003).

Accordingly, that part of the petition that challenges petitioner's continued detention and seeks his release from detention must be transferred to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, that part of the petition that challenges an order of removal is dismissed without prejudice to the filing of a petition for review in the

4

appropriate United States Court of Appeals, and that part of the petition that challenges petitioner's current detention and seeks his release is transferred to the United States District Court for the Southern District of Texas.

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

**IT IS HEREBY ORDERED** that that part of the petition that challenges an order of removal is dismissed without prejudice to the filing of a petition for review in the appropriate United States Court of Appeals, and that part of the petition that challenges petitioner's current detention and seeks his release is transferred to the United States District Court for the Southern District of Texas.;

**FURTHER**, that leave to appeal as a poor person is denied;

5

**FURTHER**, that to inform respondent of the filing, partial dismissal and transfer of the petition, the Clerk of the Court shall serve the petition and this Order upon the following:

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _July 14_, 2008

6